1  SEYFARTH SHAW LLP
2  Michael J. Burns
   mburns@seyfarth.com
3  560 Mission Street, 31st Floor
   San Francisco, California 94105
4  Telephone:   (415) 397-2823
   Facsimile:   (415) 397-8549

5  SEYFARTH SHAW LLP
6  Phillip J. Ebsworth (SBN 311026)
   pebsworth@seyfarth.com
7  400 Capitol Mall, Suite 2350
   Sacramento, California 95814
8  Telephone:   (916) 448-0159
   Facsimile:   (916) 558-4839

9  Attorneys for Defendant
   PROGRESSIVE CASUALTY INSURANCE
10 COMPANY

11

12            UNITED STATES DISTRICT COURT

13         THE SOUTHERN DISTRICT OF CALIFORNIA

14

15 KARESHMEH KABIRI, an individual,    Case No. **'21 CV1649 GPC MDD**

16            Plaintiff,               **DEFENDANT PROGRESSIVE
                                        CASUALTY INSURANCE
17     v.                              COMPANY'S NOTICE OF
                                        REMOVAL TO UNITED STATES
18 PROGRESSIVE CASUALTY               DISTRICT COURT**
   INSURANCE COMPANY, an unknown
19 business entity; and DOES 1 through 50,  *[Filed concurrently with Civil Case
   Inclusive,                          Cover Sheet and Corporate Disclosure
20                                      Statement]*
            Defendants.
21                                      San Diego County Superior Court
                                        Case No. 37-2021-00033617-CU-OE-
22                                      CTL
23                                      Complaint Filed: August 5, 2021

24   **TO THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF**

25 **CALIFORNIA, TO PLAINTIFF, AND TO HER COUNSEL OF RECORD:**

26      PLEASE TAKE NOTICE that Defendant Progressive Casualty Insurance

27 Company ("Progressive" or "Defendant") hereby removes the above-referenced civil

28 action from the Superior Court of the State of California for the County of San Diego to

   DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

the United States District Court for the Southern District of California, pursuant to 28 U.S.C. sections 1441 and 1446, asserting original federal jurisdiction on the basis of diversity, 28 U.S.C. § 1332, and states that removal is proper for the following reasons:

## I.     BACKGROUND

1.     KARESHMEH KABIRI ("Plaintiff") filed her Complaint on August 5, 2021 in the Superior Court of the State of California for the County of San Diego entitled "*KARESHMEH KABIRI, Plaintiff, v. PROGRESSIVE CASUALTY INSURANCE COMPANY, an Ohio Corporation; and DOES 1-25, Defendants*," Case No. 37-2021-00033617-CU-OE-CTL.

2.     The Complaint asserts the following state law claims:  (1) Sexual Harassment [Cal. Gov't Code § 12940(j)]; (2) Failure To Prevent Harassment and/or Discrimination [Cal. Gov't Code § 12940(k)]; (3) Retaliation [Cal. Gov't Code § 12940(h)]; (4) Negligent Supervision; (5) Wrongful Termination [Cal. Gov't. Code § 12940 et seq.]; (6) Intentional Infliction of Emotional Distress; and (7) Failure To Indemnify [Cal. Lab. Code § 2802].

3.     On August 19, 2021, Plaintiff served the summons, Complaint, and other court documents on Defendant. True and correct copies of these documents are attached hereto as **Exhibit A**.

4.     A true and correct copy of Defendant's answer to the Complaint, filed on September 17, 2021, is attached hereto as **Exhibit B**. No other filed pleadings or orders have been served on Defendant as of the date of this filing. Defendant is informed and believes that the documents attached to this notice as Exhibits A and B constitute the entirety of the state court file in this action.

## II.     TIMELINESS OF REMOVAL

5.     This notice of removal is timely filed as it is filed less than one year from the date this action was commenced and within thirty days of service of the Complaint upon Defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344  (1999) (explaining the time for filing a notice of removal does not

DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

run until a party has been formally served with the summons and complaint under applicable state law).

## III.   DIVERSITY JURISDICTION

6.     This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. § 1332(a) because it is between citizens of different states, and the amount in controversy is in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

### A.     Diversity of Citizenship

#### 1.     Plaintiff is A Citizen of California

7.     To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place where he or she resides with the intent to remain indefinitely. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return … .") Citizenship is determined by an individual's domicile at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546 (9th Cir. 2000); *see also Zavala v. Deutsche Bank Trust Co. Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a complaint alleges plaintiff resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes").

8.     Plaintiff alleges that she was at all relevant times, a resident of the United States and a domiciliary of the State of California, County of San Diego. (Ex. A, Complaint, ¶ 1.) Plaintiff provided Progressive with a San Diego address and maintained that address on file during her employment for payroll, tax, and other purposes. (Davis Decl. ¶ 3.) Defendant is informed and believes, and on that basis alleges, that Plaintiff's

3

1  last known address is in California. Plaintiff is a citizen of California for the purposes of
2  diversity.

3  ## 2.   Defendant is Not A Citizen of California

4  9.   Progressive is a citizen of Ohio and is not now, and was not at the time of
5  the filing of this action, a citizen of the state of California within the meaning of 28
6  U.S.C. § 1332(c)(1).

7  10.   "[A] corporation shall be deemed to be a citizen of every State … by which
8  it has been incorporated and of the State … where it has its principal place of business."
9  28 U.S.C. § 1332(c); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir.
10  2009) ("[A] corporation is a citizen of (1) the state under whose laws it is organized or
11  incorporated; and (2) the state of its 'principal place of business.'"). The appropriate test
12  to determine a corporation's principal place of business is the "nerve center" test. *Hertz*
13  *Corp. v. Friend*, 590 U.S. 77, 92-93 (2010). Under the "nerve center" test, the principal
14  place of business is the state where the "corporation's officers direct, control, and
15  coordinate the corporation's activities" and where the corporation maintains its
16  headquarters. *Id.*

17  11.   Progressive is incorporated under the laws of the State of Ohio, with its
18  principal place of business in Mayfield Village, Ohio. (Davis Decl. ¶¶ 4-5.) Progressive's
19  principal place of business is in Mayfield Village, Ohio, because that is the location of its
20  "nerve center." (*Id.*) Progressive's corporate headquarters are located exclusively in the
21  State of Ohio, and the majority of Progressive's executive and administrative functions
22  take place in Ohio. (*Id.*) This includes final decision-making and/or oversight of the
23  following operations and divisions: financial, legal, marketing, tax, benefits, information
24  technology, human resources, and the general operations of Progressive's business.
25  Progressive's policies and procedures in connection with these operations and divisions
26  are primarily formulated in Ohio. Progressive's executive management team is based in
27  Mayfield Village, Ohio and conducts business from the Mayfield Village headquarters.
28  (*Id.*)

4

12.     Accordingly, because Plaintiff is a citizen of California and Defendant is not a citizen of California, diversity of citizenship exists between Plaintiff and Defendant for purposes of removal jurisdiction.

### 3.     Doe Defendants' Citizenship Must Be Disregarded

13.     The residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (Doe defendants need not join in removal). Thus, the existence of Does 1 through 25, inclusive, does not deprive this Court of jurisdiction.

### B.     The Amount in Controversy Exceeds $75,000.00

14.     While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because, it is more likely than not, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000 based on the allegations, claims, and prayer for relief set forth in Plaintiff's Complaint. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996).

15.     To determine the amount in controversy in an action, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorney fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

16.     Plaintiff seeks to recover lost wages and benefits. (Ex. A, Complaint, Prayer for Relief.) Plaintiff earned $53,600 per year during her employment with Progressive

(40 hours a week x 52 weeks x hourly rate of $25.77.) (Davis Decl. ¶ 3.) Assuming a conservative trial date of one year from now (approximately 17 months after Plaintiff alleges she was terminated), Plaintiff could potentially seek $75,933.33 in back wages alone, not including damages for lost benefits. [($53,600 ÷ 12 months) x 17 months = $75,933.33] This sum does not include any future wages Plaintiff seeks to recover which would only increase the amount in controversy. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (future wages are "at stake" in the litigation and must be considered in assessing the amount in controversy.)

17.     In addition to lost wages, Plaintiff seeks to recover emotional distress damages for  "humiliation," "emotional distress," "loss of reputation," and  "mental and physical pain and anguish." (Ex. A, Complaint, ¶¶ 47, 56, 66, 75, and 82.)

18.     To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts and claims. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). California jury verdicts in similar cases often exceed $75,000. *See, e.g., Schmidt v. Shasta County Marshall's Office*, United States District Court, Eastern District of California Case No. 2:14CV02471 (Aug. 6, 2019 verdict) ($632,000 verdict on plaintiff's claims when after reporting sexual harassment she experienced retaliation); *Newton v. Equilon Enterprises LLC*, United States District Court, Northern District of California Case No. 4:17CV03961 (Dec. 20, 2018 verdict) ($475,00 verdict on plaintiff's claims for sexual harassment, failure to prevent sexual harassment, and retaliation); *Rubio v. Triumph Structures-Los Angeles, et al.*, Los Angeles Superior Court Case No. BC542623 (Dec. 15, 2016 verdict) ($550,000 verdict on plaintiff's claims for sexual harassment and failure to prevent sexual harassment.) True and correct copies of this verdict information are attached as **Exhibit C**.

19.     Plaintiff's allegations are factually similar to the issues presented in the above cases, which demonstrate that, for diversity purposes, the value of Plaintiff's

emotional distress claims on their own exceed the $75,000 amount in controversy requirement.

20.     Additionally, Plaintiff seeks to recover punitive damages against Defendant. (Ex. A, Complaint, ¶¶ 41, 48, 57, 76, 83, and Prayer for Relief.) Verdicts show that punitive damages in similar employment cases typically exceed $75,000.00 alone. *See, e.g., Albarracin v. Wilson, et al.*, Los Angeles Superior Court Case No. BC642922 (Apr. 13, 2018 verdict) (jury awarded $1.95 million in punitive damages for claims of sexual harassment, failure to prevent sexual harassment, retaliation, wrongful discharge, and intentional infliction of emotional distress); *Olivas-Dean v. American Meizhou Dongpo Group Inc., et al.*, Los Angeles Superior Court Case No. BC581538 (Apr. 24, 2017 verdict) (jury awarded $250,000 in punitive damages for claims of sexual harassment, retaliation, and wrongful termination); *Whitfield v. Broadspectrum Downstream Services, Inc.*, Los Angeles Superior Court Case No. BC632479 (Nov. 28, 2017 verdict) (jury awarded plaintiff $250,000 in punitive damages for claims of sexual harassment.) True and correct copies of this verdict information, with punitive damage awards, are attached hereto as **Exhibit D**.

21.     Plaintiff also seeks to recover attorney fees and costs. (Ex. A, Complaint, Prayer for Relief.) Requests for attorney fees must be considered in ascertaining the amount in controversy. *See Galt*, 142 F.3d at 1156 (claims for statutory attorney fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory).

22.     Plaintiff, if successful, would be entitled to an award of attorney fees that itself "more likely than not" would exceed $75,000.00. Verdicts show that attorney fees in employment cases typically exceed $75,000.00. *Jaffe v. UHS-Corona Inc.*, Riverside Superior Court Case No. RIC-543130, (May 7, 2013) (court awarded $169,112 in attorney fees and costs in wrongful termination action after jury verdict for plaintiff); *Mootz v. State of California,* Sacramento Superior Court Case . No. 05AS04214 (March 27, 2008) (attorney fees awarded of $442,400, plus $502,523 in costs for plaintiff

7

claiming retaliation for complaining about harassment); *Denenberg v. California Dep't of Trans.*, San Diego Superior Court Case No. GIC836582 (Sept. 14, 2006) (attorney's fees award of $490,000 in case alleging retaliation.) True and correct copies of attorney fee awards in employment cases with similar claims to Plaintiff's are attached as **Exhibit E**.

23.     While Defendant denies any liability as to Plaintiff's claims, for each of the foregoing reasons, it is "more likely than not" that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

## IV.     VENUE

24.     Venue lies in the U.S. District Court, Southern District of California, pursuant to 28 U.S.C. §§ 84(c)(2), 1441 and 1446(a). This action was originally brought in the Superior Court of the State of California, County of San Diego. The County of San Diego is within the jurisdiction of the U.S. District Court, Southern District of California.

## V.     NOTICE OF REMOVAL

25.     Defendant will give notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in and for the County of San Diego. This Notice of Removal is concurrently being served on Plaintiff.

WHEREFORE, Progressive prays that this civil action be removed from the Superior Court of the State of California, County of San Diego, to the U.S. District Court for the Southern District of California.

DATED: September 20, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: / Phillip J. Ebsworth

Michael J. Burns
Phillip J. Ebsworth
Attorneys for Defendant
PROGRESSIVE CASUALTY
INSURANCE COMPANY

8